Filed 4/29/15  P. v. Brown CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B257135 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA097077) |
| v. | |
| MELVIN BROWN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court for the County of Los Angeles. Gary J. Ferrari, Judge.  Affirmed as modified.

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On November 5, 2013, the district attorney filed an information charging defendant Melvin Brown with three felony counts of selling, transporting or offering for sale a controlled substance (cocaine base), on August 9, August 13, and September 12, 2013. (Health & Saf. Code, § 11352, subd. (a).) The information also alleged eight prior convictions for which prison terms were served (Pen. Code, § 667.5, subd. (b)), four prior convictions for serious or violent felonies (Pen. Code, § 667, subd. (d)), and two prior felony convictions relating to controlled substances (Health & Saf. Code, § 11370.2, subd. (a)).

The trial court granted defendant's motion to represent himself, and later held an in camera *Pitchess*[1] hearing and ordered discovery compliance.

Defendant pled no contest to all three counts, and admitted seven of the eight prior prison terms, three of the four prior convictions for serious or violent felonies, and both of the prior felony convictions relating to controlled substances.

On June 9, 2014, the court sentenced defendant to state prison for the low term of three years on each of the three counts, to be served concurrently, and an additional consecutive three years for one of the prior controlled substance convictions (Health & Saf. Code, § 11370.2, subd. (a)), for a total term of six years. The trial court struck all the other prior conviction allegations. The court awarded total credits for time served of 496 days (248 actual and 248 conduct), and ordered defendant to pay a mandatory $280 restitution fine per year ($1,680) (Pen. Code, § 1202.4, subd. (b)); to register as a narcotics offender when released (Health & Saf. Code, § 11590); and to pay a $120 court security assessment fee (Pen. Code, § 1465.8) and a $90 criminal conviction fee (Gov. Code, § 70373).

The minute order for the sentencing hearing showed, in addition, a $1,680 parole restitution fine, stayed (Pen. Code, § 1202.45), and a $50 criminal laboratory analysis fee (Health & Saf. Code, § 11372.5).

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

The abstract of judgment included all the orders in the oral pronouncement of judgment and minute order, except that it omitted the $120 court operations assessment (Pen. Code, § 1465.8) and the $90 conviction assessment (Gov. Code, § 70373).

Defendant filed an appeal, asserting his sentence was illegal.

Defendant's court-appointed counsel filed a brief requesting this court's independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel's declaration of the same date stated that she advised defendant of the nature of the *Wende* brief and that she would serve a copy on defendant, that he could file a supplemental brief within 30 days, that upon request she would send him the client's copy of the record on appeal to aid his preparation of a supplemental brief, that she would remain available to brief issues as requested by the court, and that defendant could file a request for the court to relieve her as counsel in the appeal. On the same day, this court sent the parties a notice stating that counsel filed a *Wende* brief, that counsel was directed to send the record on appeal and a copy of the brief to defendant, and that defendant could submit by brief or letter any argument he wished the court to consider within 30 days.

The court granted an extension of time, and defendant filed a supplemental brief on January 27, 2015.

Defendant's arguments on appeal all flow from a duplicative prior conviction alleged in the information. In 1988, defendant was convicted of attempted murder and, he says, sentenced to a life term. But in 1998, the Ninth Circuit reversed his conviction based on ineffective assistance of counsel, and directed issuance of a writ of habeas corpus or retrial within a reasonable time. (*Brown v. Myers* (9th Cir. 1998) 137 F.3d 1154.) According to defendant, when the conviction was reversed in 1998, he made a plea agreement for time served with no parole. He also claimed the 1998 plea agreement was changed without his consent to place him on parole.

At the sentencing hearing in this case, defendant told the trial court about the duplicate convictions alleged in the information, and indicated he had filed a writ of habeas corpus, then pending before another judge, because of an issue with the existence

3

or number of strikes on his record and their use in an earlier proceeding. In this case, however, the trial court struck all the prior strike convictions, so no prior strikes were or could have been used improperly.

Nonetheless, in his supplemental brief, defendant contends that his appellate counsel was ineffective, because she should have raised "the colorable claim on appeal of the penalty imposition of an invalid 1988 prior conviction," and instead she filed a *Wende* brief.[2] But there is no colorable claim. While it is true that the information inaccurately alleged two attempted murder convictions instead of one, defendant did not admit the 1988 conviction, and it was not used in any way to increase his punishment. In other words, defendant's claim that he "is illegally and unlawfully being restrained by an invalid prior conviction . . . and that appellate counsel has withdrawn and abandoned the appeal from the colorable claim" is simply wrong. There is no colorable claim and no error in defendant's six-year sentence.

Our review of the record has disclosed, however, that the trial court failed to impose several mandatory fines and penalty assessments. We notified the parties that we were considering modifying the judgment to correct these errors, and invited them to brief whether that would be appropriate. Both parties agreed that the judgment must be modified as stated in our notification to the parties.

First, the trial court should have imposed three mandatory $50 criminal laboratory analysis fees, one for each count on which defendant was convicted. (Health & Saf. Code, § 11372.5, subd. (a); *People v. Valencia* (2014) 226 Cal.App.4th 326, 330.)

Second, seven mandatory penalty assessments apply to each criminal laboratory analysis fee imposed. (*People v. Sharret* (2011) 191 Cal.App.4th 859, 863-864, 869.)

---

**2** There was an error in the March 18, 2014 minute order of the hearing at which defendant's plea was taken. The minute order stated that defendant admitted the priors alleged in the information, but the transcript shows he denied the 1988 conviction. Apparently defendant's counsel initially drafted a brief raising this point. But a month later, on September 22, 2014, counsel wrote a letter to the trial court, asking the court to issue an order nunc pro tunc to reflect defendant's denial of the 1988 conviction, and ultimately filed the *Wende* brief.

4

Each of the $50 fees is subject to the following penalty assessments, which total $155 for each $50 laboratory analysis fee:  a $50 state penalty assessment (Pen. Code, § 1464, subd. (a)(1)); a $35 additional penalty (Gov. Code, § 76000, subd. (a)(1)); a $10 state surcharge (Pen. Code, § 1465.7, subd. (a)); a $25 state court construction penalty (Gov. Code, § 70372, subd. (a)(1)); a $10 penalty for emergency medical services (Gov. Code, § 76000.5, subd. (a)(1)); a $5 DNA penalty (Gov. Code, § 76104.6, subd. (a)(1)); and a $20 state-only DNA penalty (Gov. Code, § 76104.7, subd. (a)).

Accordingly, the abstract of judgment must be modified to impose these fines and penalty assessments, and in addition to show the $120 court operations assessment (Pen. Code, § 1465.8) and the $90 conviction assessment (Gov. Code, § 70373) imposed by the court at the sentencing hearing.

Finally, we note that in the conclusion of his 10-page supplemental brief, defendant states that "he was never provided copies of the Opening brief, or the record on appeal, as ordered in the December 19, 2014 court ordered notice."  Counsel's proof of service of the *Wende* brief shows she served the brief on defendant.  Counsel's declaration stated that she advised defendant "that upon request I would send him the client's copy of the record on appeal to aid his preparation of a supplemental brief . . . ."  Defendant does not contend the alleged failure to provide him with copies of the record harmed him in any way, and plainly it did not.

### DISPOSITION

The judgment is modified to impose three $50 criminal laboratory analysis fees ($150) under Health and Safety Code section 11372.5, subdivision (a).  The judgment is further modified to impose the following penalty assessments on each $50 criminal laboratory analysis fee:  (1) a $50 state penalty assessment (Pen. Code, § 1464, subd. (a)(1)); (2) a $35 additional penalty (Gov. Code, § 76000, subd. (a)(1)); (3) a $10 state surcharge (Pen. Code, § 1465.7, subd. (a)); (4) a $25 state court construction penalty (Gov. Code, § 70372, subd. (a)(1)); (5) a $10 penalty for emergency medical services (Gov. Code, § 76000.5, subd. (a)(1)); (6) a $5 DNA penalty (Gov. Code, § 76104.6, subd. (a)(1)); and (7) a $20 state-only DNA penalty (Gov. Code, § 76104.7, subd. (a)).

5

The amount of penalty assessments on each criminal laboratory analysis fee is $155, for a total of $465.  As so modified, the judgment is affirmed.  The trial court is directed to prepare and transmit to the Department of Corrections and Rehabilitation an amended abstract of judgment that sets forth the criminal laboratory analysis fees and penalty assessments as described above, and that includes the $120 court operations assessment (Pen. Code, § 1465.8) and the $90 conviction assessment (Gov. Code, § 70373) imposed by the court at the sentencing hearing.

GRIMES, J.

WE CONCUR:

BIGELOW, P. J.

RUBIN, J.